MANTON E. PARKER, and others, appellants,

*v.*

CLINTON G. REYNOLDS and others, executors &c., respondents.

1. The orphans court is not limited to a single adjournment of the
hearing of a rule to show cause why lands should not be sold to pay
debts; and an order for such adjournment may, on due notice, be
revoked, and the hearing brought on.

2. General creditors of an estate are not "aggrieved," within the
meaning of the constitution, and hence have no right to appeal from
an order of the orphans court directing lands to be sold to pay debts
of such estate.

On appeal from Essex orphans court.

NOTE.—The general rule is, that a person cannot present or join in
a petition of appeal, although he may have an interest in the question,
unless he was (or represents) a party in the matter in the court below
(*Ludlow* v. *Greenhouse,* 1 *Bligh* 18; *Williams* v. *Gwyn, 2 Saund. 46a;·
South* v. *Hay, 3 Bibb 523; Miller* v. *Keith, 26 Miss. 166; Richardson* v.
*Richardson, 2 Root 219; Swan* v. *Wheeler, 4 Day 137; Elcan* v. *Lancas-
terian, 2 Patt. & Heath 53; Payne* v. *Bullard, 23 Miss. 88; Montgomery* v.
*Leavenworth, 2 Cal. 57.* See *Foster* v. *Tyler, 7 Paige 48; Fuller* v. *The
Unknown Owner, 9 Iowa 430*); and the party's interest must appear on
the papers, unless waived (*Deming's Appeal, 34 Conn. 201; Gardner* v.·
*Gardner, 5 Paige 170; State* v. *Jones, 11 Iowa 11; Iyle* v. *Bradford, 7
Mon. 111*); and also be proved in the lower court (*Livingston* v. *White,
2 La. An. 902; Phillips* v. *Shelton, 6 Iowa 545; Hyslop* v. *Powers, 9 Paige
322.* See *Warnock* v. *Watson, 25 Ga. 467*); sometimes subsequent parties
may appeal under statutory provisions (*Robinson* v. *Vanderburg, 37 Ind.
333; Jopp* v. *Wood, 33 Beav. 372*); or by permission of the court (*Berry*
v. *Att'y-Gen., 2 McN. & G. 16; Gwynne* v. *Edwards, 9 Beav. 22; Parmiter*
v. *Parmiter, 2 DeG. F. & J. 526; Sage* v. *Central R. R. Co., 93 U. S. 412*).

Among parties "aggrieved," is an attorney who appeals from the
amount allowed him by a receiver, for services (*Adams* v. *Woods, 8 Cal.
306;* but see *McAllister's Appeal, 59 Pa. St. 204; Wilcox* v. *Smith, 26*

Parker v. Reynolds.

*Mr. R. Wayne Parker*, for appellants.

*Mr. J. W. Taylor*, for respondents.

THE ORDINARY.

This is an appeal from an order of the orphans court of Essex county, directing that the respondents, the executors of Austin M. Knight, deceased, sell real estate of which he died seized, to pay his debts. The appellants are general creditors of the testator, whose claim is not admitted by the executor, but appears to be disputed. The ground of the appeal is, that the order for sale is illegal, because it was made on a day other than that to which the hearing of the rule to show cause was adjourned. The time fixed for the hearing in the rule was May 6th, 1879. By successive weekly adjournments, the hearing was adjourned from that day to the 8th of July following, and from that day it was adjourned to the first Tuesday of September then next.

On the 15th of July, the respondents, on five days' notice to the proctor of the appellants (who attended accordingly), applied to the court for an order to revoke the last adjournment, and to bring on the hearing of the rule on that day,

---

*Barb. 316*); and judgment creditors of one partner made parties below, in a suit involving the partnership assets, by one partner (*Jones* v. *Thompson, 12 Cal. 191*); creditors of a corporation holding a set-off against its claim (*Jackson* v. *Receivers, 1 Stock. 205*); a foreign administrator, on the appointment of one here (*Smith* v. *Sherman, 4 Cush. 408*); an administrator, on a claim allowed by him, to which he afterwards discovered an objection (*Harper* v. *Stroud, 41 Tex. 367*).

The following are not "aggrieved": One claiming by title paramount (*Swackhamer* v. *Kline, 10 C. E. Gr. 503 ; Raleigh* v. *Rogers, Id. 506 ; Shields* v. *Ashley, 16 Mo. 471*); a sheriff holding a *fi. fa.* against a defendant who possessed no leviable property, although he paid the judgment (*Siler* v. *Blake, 3 Dev. & Bat. 93*); a master in chancery, on an order appointing another as commissioner to sell lands (*Green* v. *Harrison, 6 Jones Eq. 253*); a debtor to the estate of a decedent (*Swan* v. *Picquet, 3 Pick. 443*); or a garnishee of such debtor (*Veazie Bank* v. *Young, 53 Me. 555*); the trustees of a fund bequeathed for the benefit of a minor, on a decree appointing its guardian (*Deering* v. *Adams, 34 Me. 41*); the assignee of a voluntary grantee in a transfer to defraud creditors (*Hall* v. *Jack, 32 Md. 253*); a donee *causa mortis*, on a decree charging the administrator with the chattels, and ordering their distribution (*Lewis* v. *Bolitho, 6 Gray 137*); owners of lands within the lines

Parker v. Reynolds.

which was granted, so far as the revocation was concerned, and the hearing was then fixed for the 22d day of July.   On that day it took place, and the order for sale was made thereupon.

Though the orphans court act provides that, at the time and place mentioned for the hearing in the rule, or at such other time and place as the court may *then* appoint, it shall hear and adjudicate upon the matter, it cannot reasonably be insisted that it was the intention of the legislature to confine the power of postponement to a single adjournment, according to the literal terms of the act.   The intention was to provide that, at the time fixed in the rule, or at such time thereafter as should be fixed by adjournment or continuance, whether one or more (and rendering further notice unnecessary), the hearing should take place.   It was within the power of the court to revoke the adjournment on due notice, and to fix another day.   Its action was the exercise of a power incident to its jurisdiction, and necessary for the transaction of its business.

The constitution gives an appeal to all persons aggrieved by an order, sentence or decree of the orphans court.   The

marked out by a company for drainage (*Combs* v. *Jefferson Co.*, *3 Metc.* (*Ky.*) *72*); heirs at law after the probate of a will disposing of the entire estate, on a decree as to the payment of a legacy (*Labar* v. *Nichols*, *23 Mich. 310*); an heir attempting to intervene *after* an allotment of dower (*Lowery* v. *Lowery*, *64 N. C. 110*); a purchaser at a partition sale, on a subsequent application by the heirs to set aside the order of sale (*Hoard* v. *Hoard*, *41 Ala. 590*.   See *Chamberlain* v. *Larned*, *5 Stew. 297*); a surety on a replevin or administrator's bond (*Crites* v. *Littleton*, *23 Iowa 205*; *Tuxbury's Appeal*, *67 Me. 267*.   See *Farrar* v. *Parker*, *3 Allen 556*; *Porter* v. *Burton*, *10 Heisk. 584*).

Under what circumstances a general creditor has been allowed to prosecute an appeal, see *Hungerford's Case*, *1 Sch. & Lef. 409*; *Earl of Winchelsea* v. *Garetty*, *1 Myl. & K. 253*; *Pearson* v. *Darrington*, *32 Ala. 227, 276*; *Anonymous*, *18 Abb. Pr. 87*; *Higbie* v. *Westlake*, *14 N. Y. 281*; *Glisson* v. *Carter*, *28 Ga: 513*; *Willamonicz* v. *Strong*, *8 Ark. 467*; and where that right has been denied, *Caldwell* v. *Kinkhead*, *1 B. Mon. 228*; *Phillips* v. *Shelton*, *6 Iowa 545*; *Henry* v. *Estey*, *13 Gray 336*.   See, also, *Bell* v. *Ayres*, *24 Ind. 92*; *Malone* v. *Gorman*, *10 La. An. 84*.

Lien creditors may appeal.   *Watson* v. *Willard*, *9 Pa. St. 89*; *Barker* v. *Barker*, *39 N. H. 408*; *Jones* v. *Thompson*, *12 Cal. 191*.   See *Evennan's Appeal*, *67 Pa. St. 335*.—REP.

appellants, as before stated, are general creditors of the testator. They are not "aggrieved" by the order to sell the testator's land to pay his debts. Their pecuniary interest is not injuriously affected by the order for sale. No right of property of theirs is established or divested by it. *Swackhamer* v. *Kline's Adm'r, 10 C. E. Gr. 503.* On the other hand, the order was obtained by and on application of their representatives, the executors. They are not parties to the proceedings which they seek to review. They have no right of appeal.

The appeal will be dismissed, with costs.